```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY


PAUL A. COURTEAU,               :
                                :   HONORABLE JOSEPH E. IRENAS
         Plaintiff,             :
                                :   CIVIL ACTION NO. 02-0659 (JEI)
     v.                         :
                                :            OPINION
UNITED STATES OF AMERICA,       :
                                :
         Defendant.             :
```

**APPEARANCES:**

HOWARD A. MILLER, Esq.
200 Main Street
New Milford, NJ 07646
    Counsel for Plaintiff

CHRISTOPHER CHRISTIE, UNITED STATES ATTORNEY
By: Caroline A. Sadlowski, Esq.
970 BROAD STREET
Room 700
Newark, NJ 07102
    Counsel for Defendant


**IRENAS**, Senior District Judge:


**I.**

On January 15, 2002, Plaintiff filed a *pro se* Complaint. This Court dismissed the first Complaint in its entirety, prior to responsive pleading, pursuant to 28 U.S.C. 1915A(b)(1), for failure to state a claim upon which relief could be granted. On February 14, 2002, Plaintiff filed a second Complaint with this

Court.  Defendant now moves for summary judgment, alleging the second Complaint is barred by res judicata.  The facts will be stated succinctly, as they were set forth in this Court's detailed Opinion dated January 31, 2002.

In 1981, Plaintiff was convicted of robbery in Rhode Island and sentenced to fifteen years imprisonment for hijacking a mail truck.  After serving thirteen years, Plaintiff was released from prison in January, 1994.  Approximately five years later, in 1999, the State of Rhode Island vacated Plaintiff's conviction because, in 1998, another individual confessed to the crime for which Plaintiff was convicted.  In January, 2002, Plaintiff filed the first Complaint alleging that the United States, through the actions of Postal Inspector Raoul Vargas, committed: assault; battery; false arrest; false imprisonment; wrongful prosecution; intentional infliction of emotional distress; negligent infliction of emotional distress; malicious prosecution; abuse of process; defamation of character - libel and/or slander; and false reports to authorities. (App'x p.76, ¶ 35).  This allegedly resulted in Plaintiff's suffering damages including: loss of income; defamation of character; great embarrassment and humiliation; loss of life's pleasures; loss of freedom; severe emotional distress; severe medical problems including drug dependency; and physical pain and suffering due to physical abuse while incarcerated. (App'x p.75-6, ¶ 34).

By an Opinion and Order dated January 31, 2002, this Court dismissed the Complaint for failure to state a claim upon which relief may be granted.  It held that Plaintiff's claims under the Federal Tort Claims Act were not cognizable because the United States is immune from claims arising out of intentional torts.  It further held that Mr. Raoul Vargas was not a law enforcement officer.  Thus, it dismissed all claims against Mr. Vargas, finding those claims cognizable only against law enforcement officers.[1]  The remaining two claims, negligent and intentional infliction of emotional distress, were dismissed because Plaintiff failed to allege sufficient facts to support either cause of action.  As a result of the January 31, 2002 Order, the case was closed.

Fourteen days later, on February 14, 2002, Plaintiff, through counsel, filed a second Complaint with this Court.  This Complaint is identical to first Complaint, with one minor exception - it specifically states that the government employee involved, Mr. Raoul Vargas, is an "investigative or law enforcement officer within the meaning of 28 U.S.C. 2680(h)."  (Compl. ¶ 27(D)).  The following day the case was referred to arbitration.  Defendant filed an Answer on August 13, 2002, and

---

[1] Specifically, the Court found the following claims cognizable only against law enforcement officers: assault; battery; false imprisonment; false arrest; malicious prosecution; and abuse of process. (App'x p. 89-90).

the Court then set a discovery schedule.[2]

On May 27, 2004, the case was administratively terminated without prejudice due to the illness of Plaintiff's counsel. Upon Plaintiff's motion, the case was reopened on July 19, 2006. On October 20, 2006, Defendant filed this motion for summary judgment on the basis of res judicata.

## II.

Plaintiff claims that Defendant's motion should be denied because Defendant waived the affirmative defense of res judicata by failing to raise it in the Answer.[3]  Although affirmative defenses generally must be pled or are waived, there are exceptions to this rule.  The Third Circuit allows the defense of res judicata to be asserted for the first time by motion to dismiss.  *See Hartmann v. Time, Inc.,* 166 F.2d 127, 131 n.3 (3d Cir. 1947); *Williams v. Murdoch*, 330 F.2d 745, 749 (3d Cir. 1964)("In the case at bar there was no answer.  The defense of res judicata, therefore, could be asserted successfully at the early stage of this proceeding if it were valid.").

---

[2] Although the Court has entered numerous scheduling orders setting forth discovery deadlines, it is not clear from the record whether any discovery has occurred.  In fact, although both Plaintiff and Defendant submitted their own appendices along with the instant motion, neither appendix contains evidence of discovery taken after the filing of the instant Complaint.

[3] *Fed. R. Civ. P.* 8(c) lists res judicata as an affirmative defense.

4

Additionally, the Third Circuit has permitted previously unpled affirmative defenses to be raised for the first time in summary judgment motions. *See Kleinknecht v. Gettysburg College,* 989 F.2d 1360, 1374 (3d Cir. 1993) (noting that Plaintiffs did not claim that they were prejudiced by the failure of Defendants to assert the affirmative defense of immunity prior to their motion for summary judgment); *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991)(noting that when plaintiff was aware of the defense of immunity because it was asserted by other defendants, "a 'defendant does not waive an affirmative defense if 'he raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'"); *Adams v. Gould, Inc.*, 739 F.2d 858, 870 n.14 (3d Cir. 1984).

As noted by Wright and Miller, "[m]ost courts do not focus on this problem [of waiver of the res judicata defense when not raised in the Answer] and those that are aware of the potential conflict seem content to allow the issue of former adjudication to be raised for the first time on a motion for summary judgment." *Federal Practice & Procedure*, § 2735 (2007). As the Third Circuit has noted, "the defense of res judicata, ordinarily is pleaded as an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure but this is a mere matter of form." *Hartmann*, 166 F.2d at 138.

Courts in other Circuits have found summary judgment to be

an appropriate time for the Court to raise the issue of res judicata *sua sponte,* or for the litigants to raise it for the first time themselves.

> The failure of a defendant to raise res judicata in answer does not deprive a court of the power to dismiss a claim on that ground.  While that or similar defenses are 'ordinarily' not to be recognized when not raised in the answer, no absolute bar to the consideration of such claims exists.

*Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993)(internal citations omitted).  *See also King v. Fox,* 418 F.3d 121, 131 (2d Cir. 2005);  *Carbonell v. Louisiana Dept. of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir. 1985); *Smith v. United States*, 369 F.2d 49, 53 (8th Cir. 1966); *Hardy v. Bankers Life & Casualty Co.*, 232 F.2d 205, 210-11 (7th Cir. 1956); *Butterman v. Walston & Co.,* 50 F.R.D. 189, 191 (D. Wis. 1970)("res judicata may properly be raised on a motion for summary judgment"); *King v. Mordowanec*, 46 F.R.D. 474, 480 (D.R.I. 1969)("It is now beyond doubt that summary judgment or a motion to dismiss under Rule 12 is a proper means by which a Rule 8 affirmative defense may be placed before the court."); *Mount v. FBI,* 1994 U.S. Dist. LEXIS 2975, *1-2 (D.D.C. 1994)("In the interest of avoiding the unnecessary waste of judicial resources, the Court is entitled to dismiss an action *sua sponte* on res judicata grounds when it has before it 'all relevant data and legal records' or when the action is in the same district in which the original action was

filed.").

The *Carbonell* Court listed the two occasions when it is proper for a court to rule on res judicata in a summary judgment motion when it was not raised in the pleadings.

> [The] failure to assert res judicata as a defense does not determine the issue, however, since in the interest of judicial economy res judicata may properly be raised by a district court sua sponte, particularly where both actions are brought in the courts of the same district.
>
> . . .
>
> The other exception involves the situation in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata.

*Carbonell,* 772 F.2d at 189(citations omitted).

Here, both actions were brought in this Court, and Defendant raised the defense of res judicata in its first motion, however untimely it may have been. The failure of Defendant to raise this defense in the Answer does not appear to have prejudiced Plaintiff, and Plaintiff does not allege any prejudice.[4] Plaintiff was put on notice of Defendant's assertion of res judicata when the summary judgment motion was filed. He then had

---

[4] Plaintiff contends, and Defendant appears to concede, that the Court erred in ruling that the Postal Inspector was not a law enforcement officer under 28 U.S.C. 2680(h). However, filing a second Complaint alleging that the Postal Inspector was, in fact, a law enforcement officer, is not the proper avenue to contest this Court's Opinion.

the opportunity to respond, and did in fact respond to the contention that his claims are barred by the doctrine of res judicata.  Moreover, Plaintiff himself filed the first action with this Court, and then essentially re-filed the Complaint with the same Court a few weeks later, the second time with the assistance of counsel.  Counsel had the opportunity to file a motion for reconsideration or appeal this Court's decision to the Third Circuit, but did not.[5]

Because no prejudice resulted from the untimely assertion of this defense by Defendant, there is no meaningful difference between Defendant's raising the defense in a summary judgment motion, the Court raising it *sua sponte*,[6] or Defendant asserting it in a motion to dismiss.  For these reasons, and in the interest of the preservation of judicial resources, we will

---

[5] Because Plaintiff's counsel filed a second Complaint fourteen days after the first Complaint, we assume that Counsel was retained during the ten day window after the first Complaint to file a motion for reconsideration, if not sooner.  *See N.J. Fed. Prac. R.* 7.1(i).  This assumption is supported by the fact that the Complaints are nearly identical, and appear far too sophisticated to have been drafted by a layperson, indicating that counsel played a role in the action prior to Plaintiff's filing the first Complaint.  However, even if this were not the case, Counsel was clearly retained within the sixty day window for Plaintiff to appeal the Court's Order.  *See* 28 U.S.C. § 2107(b).

[6] It would have been particularly appropriate for the Court to raise the defense of res judicata *sua sponte* here because it has already decided the issues presented, as set forth in its Opinion and Order of January 31, 2002.  *See Arizona v. California*, 540 U.S. 150, 412 (2000).

entertain the motion for summary judgment on the grounds of res judicata.

### III.

Res judicata, also called claim preclusion, bars litigation of all matters that could have been determined in a prior law suit. *Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464, 469 (3d Cir. 1950)("The theory is that parties should not have to litigate issues which they have already litigated or had a reasonable opportunity to litigate."). Defendant bears the burden of proving that res judicata applies, and must show: (1) a prior suit involving the same parties or their privies; (2) a final judgment on the merits; and (3) the same cause of action in the subsequent suit. *See Napier v. Thirty or More Unidentified Federal Agents, etc.,* 855 F.2d 1080, 1086 (3d Cir. 1988); *United States v. Athlone Indus., Inc.,* 746 F.2d 977 (3d Cir. 1984).

The first Complaint involved the same two parties - Plaintiff, Mr. Paul Courteau and Defendant, the United States. The Court's Opinion and Order of January 31, 2002 was a final judgment on the merits, as it held that based upon the allegations, Plaintiff failed to state a claim, and dismissed the Complaint in the entirety.

The third prong, requiring the same cause of action, is also fulfilled. The general rule is that the cause of action is

defined by the injury alleged, rather than the legal theory upon which the Plaintiff proceeds. *See Williamson*, 186 F.2d at 470 (finding the same cause of action and barring the second action when "the acts complained of and the demand for recovery are the same. The only thing that is different is the theory of recovery. The same witnesses and documents will be necessary in the trial in both cases. No material fact is alleged in action No. 1 that was not alleged in action No. 2, save the allegations of conspiracy. Everything that plaintiff was entitled to ask for from defendant was included in action No. 2."). Here too, the allegations are the same, the injuries alleged the same, the factual background the same, and the damages the same. The second complaint could be a carbon copy of the first, with the exception of a few words.

These additional words - that Mr. Vargas is a Postal Inspector and a law enforcement officer under 28 U.S.C. 2680(h) - have no impact on the claims asserted. The first Complaint repeatedly refers to Mr. Vargas as a "Postal Inspector." (*See, e.g.,* App'x p.75, 29, 31, 32, 34). The one component not specifically alleged in the first Complaint is that Mr. Vargas is a law enforcement officer under the applicable statute. Plaintiff, however, does not get another bite at the apple simply by citing to an additional statute in the Complaint. *See Williamson*, 186 F.2d at 470 ("[Plantiff] does not get another day

10

after the first lawsuit is concluded by giving a different reason than he gave in the first for recovery of damages for the same invasion of his rights.").

Furthermore, regardless of this omission, the Court addressed this issue in its Opinion, and held that Mr. Vargas was not a law enforcement officer.  If Plaintiff believes that this determination was erroneous, he should have moved for reconsideration or appealed the Order.  Instead, through counsel, he filed a second Complaint alleging the same injury and requesting the same relief.  Under the doctrine of res judicata, we need not spend judicial resources ruling on this these same allegations a second time.

**IV**.

For the reasons set forth above, the Court holds that res judicata bars the entirety of Plaintiff's allegations in the instant Complaint.  Therefore, Defendant's motion for summary judgment will be granted.  The Court will issue an appropriate order.

Dated: May 14th , 2007.

　　　　　　　　　　　　　　　　　　　　　　s/ *Joseph E. Irenas*
　　　　　　　　　　　　　　　　　　　　　　JOSEPH E. IRENAS, S.U.S.D.J.